STATE of Missouri, Respondent,

v.

Charles E. STARKE, Appellant.

No. WD 43638.

Missouri Court of Appeals, Western District.

June 11, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Jerome S. Antel, III, Columbia, for appellant.

Patricia S. Joyce, Asst. Pros. Atty., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

LOWENSTEIN, Presiding Judge.

The appellant was charged with making a false report to the Jefferson City Police Department and to the Child Abuse Hotline after he reported his daughter told him her mother's boyfriend had made her touch his genitals. The appellant and the child's mother were at the time locked in a custody battle. A jury convicted him on one count based on § 575.080.1(1), RSMo 1986, for giving false information to a law enforcement officer for the purpose of implicating another person in a crime (a class B misdemeanor), and one count for calling in a false child abuse hotline report to the Division of Family Services as denounced by § 210.165.2, RSMo 1986 (a class A misdemeanor). Concurrent sentences of sixty and thirty days were imposed, plus a $250 fine on each count.

A sufficiency question is not raised about the evidence to support the judgment. Starke called in on the hotline, identified himself as the father saying, "he was driving by his children's place of residence ... and he saw the little girl crying. He stopped; he asked her what happened ... the little girl told him that Scott made her touch his privates." Scott is the mother's boyfriend who was babysitting with the girl.

The matter was turned over to the police who interviewed the little girl, Scott and the appellant, Starke. Starke was later told everyone denied his accusation. Starke then told police "don't go any further I'm lying. It never really happened," and told them he, "made it (the story) up." He told the detective he was in the middle of a custody case in Osage County and "thought it could help his case." Starke took the stand and said the police threatened to badger his daughter and it would clear things up if he, Starke, would say he made the whole story up.

■ The six year old girl was found not competent to testify. Several witnesses' attempts to tell what the girl said were kept out on hearsay objections. Then the detective who questioned Starke on his second visit was, over a hearsay objection, allowed to testify the little girl had denied to police ever doing anything to Scott or being asked or forced to do anything to him.

■ The evidentiary ruling was in error, but it cannot be concluded such error was a factor in the verdict. First, Starke himself later stated during cross-examination the authorities had told him "that [the girl] had

denied it." Second, he admitted having made up the reports, and the jury decided to not believe the defendant's professed reason for doing so.

■ The defendant in a criminal case had the burden of showing error in the reception of evidence and prejudice. *State v. Hankins*, 612 S.W.2d 438, 439 (Mo.App. 1981). Even though there is a presumption of prejudice, *State v. Jackson*, 743 S.W.2d 493, 495 (Mo.App.1987), the other evidence of guilt was established by his admission. *State v. Caudill*, 789 S.W.2d 213, 216–17 (Mo.App.1990). This point is denied.

■ Starke's second point is reviewed as plain error, as it was not subject to objection nor post-trial motion. The point concerns extensive questions and statements of *both* sides about the police giving him a polygraph exam.

The prosecutor in opening initially "asked if he'd (the defendant) do a polygraph and he—they talked about the polygraph," then the prosecutor related the defendant said, "Don't carry it any further. I lied. I made it up. I thought it would help me in my custody hearing." The defense made no objection to the argument concerning a polygraph test. Then during the state's case a police officer was examined about approaching the defendant to take a polygraph and Starke's willingness to submit to such a test. Again, without objection, the policeman continued on relating Starke said, "what happens if it shows that I'm lying?" Then, to compound the matter, the witness was cross-examined about the administering of a polygraph. Starke was questioned by his attorney about the taking of the test, and was asked if he had "taken and passed a polygraph test ...?" The state's objection was sustained.

Again, the point on appeal asks for a reversal under plain error for the prosecutor's statement and questions relating to a polygraph. The defendant concedes the court properly sustained the state's objection when he was asked by his attorney about the results of the test.

What this argument boils down to, is a request, following post-trial motion to a claim the trial court should have, *sua sponte*, disallowed the state to delve into polygraph evidence which is inadmissible. *State v. Biddle*, 599 S.W.2d 182, 185, 191 (Mo. banc 1980); *State v. Mahany*, 748 S.W.2d 762, 764 (Mo.App.1988).

■ The magnitude of any error here does not rise to the constitutional level required under Rule 30.20. The defendant here cannot allow the complained of evidence in and then not give the trial court a chance to correct its error and on appeal demand relief. *State v. English*, 795 S.W.2d 610, 612 (Mo.App.1990). The point is denied.

■ Starke's final point seeks plain error review of the failure of the trial court to give a mandatory instruction to the jury not to discuss the case. Under MAI 300.-04.1 CR3rd the court did not, as required, orally instruct the jury at the first recess, against discussing the case. This failure was not addressed in the trial court, but Starke claims a reversal is in order without a necessary showing of prejudice. However, relief under plain error will be granted only on errors affecting "substantial rights" on a finding "that a manifest injustice or miscarriage of justice has resulted." Rule 30.20, *supra*. Such is not the case here. A presumption of prejudice for failure to give a mandatory instruction, *State v. Holland*, 653 S.W.2d 670, 675 (Mo. banc 1983), will not carry the day. This was not a close case there was no prejudice. In any event the failure of the defendant to remind the court to give the instruction constitutes a waiver. *State v. Johnson*, 714 S.W.2d 752, 762 (Mo.App.1986).

The judgment is affirmed.