STATE of Missouri, Appellant,

v.

Nathan HICKS, Respondent.

No. 62081.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

Emily Blood, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for forcible rape and forcible sodomy. We affirm.

On July 29, 1991, Victim was working as a maid on the first floor of the Lincoln Hotel in St. Louis City. On that date, Defendant was staying at the Lincoln Hotel. While Victim was on Defendant's floor, Defendant stuck his head out of his room and requested some clean sheets. When Victim brought the sheets to him, Defendant pulled her into the room and raped and sodomized her. Victim begged Defendant to let her go. When Defendant began to wash up, Victim ran out of the room to the second floor where another maid, Linda Bateman, was working. Bateman got the manager of the hotel. Victim, Bateman, and the manager went to Defendant's room. When Bateman opened the door to Defendant's room, Defendant was naked, washing himself at the sink. Victim accused Defendant of raping her and he laughed. Bateman left and called the police, while Victim and the manager waited in front of Defendant's room. The police arrived quickly and arrested Defendant. After his arrest, the police seized several items, including Defendant's underwear.

On August 29, 1991, the grand jury indicted Defendant for one count of forcible rape and one count of forcible sodomy. After trial, the jury convicted Defendant on both counts and the judge sentenced him as a prior offender to concurrent life sentences.

In Point I, Defendant argues the trial court erred in overruling his motion to suppress because "the warrantless arrest and subsequent seizure of [his] underwear, exhibit no. 12, was executed absent exigent circumstances."

Our review of the trial court's denial of Defendant's motion to suppress is limited to determining whether there is sufficient evidence to support the trial court's ruling. *State v. Childress*, 828 S.W.2d 935, 939[1] (Mo.App.1992). Further, Defendant has the burden of showing the court erred in admitting the evidence and he was prejudiced by such admission. *Childress*, 828 S.W.2d at 940[5]; *State v. Starke*, 811 S.W.2d 799, 801[3] (Mo.App.1991).

▮ Defendant's point is without merit. Defendant first fails to show how the admission of the underwear prejudiced him. The State's criminalist testified no vaginal secretions or seminal fluid was found on Defendant's underwear. As such, admission of the underwear was immaterial and harmless error. *State v. Moore*, 353 S.W.2d 712, 714–15[6] (Mo.1962); *State v. Williams*, 573 S.W.2d 75, 77[5] (Mo.App. 1978).

▮ Further, assuming Defendant did show prejudicial error, there were exigent circumstances to warrant his warrantless arrest. A warrantless arrest in a suspect's home is permissible if exigent circumstances exist. *State v. Murray*, 744 S.W.2d 762, 771[14] (Mo. banc 1988). Exigent circumstances exist if delay to obtain a warrant "would endanger life, allow a suspect to escape, or risk the destruction of evidence because of an imminent police presence." *State v. Peters*, 695 S.W.2d 140, 147[8] (Mo.App.1985). The United States Supreme Court has held that "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made." *Welsh v. Wisconsin*, 466 U.S. 740, 753, 104 S.Ct. 2091, 2099[4, 5], 80 L.Ed.2d 732 (1983).

■ The limited record on the matter reveals Victim accused Defendant of raping her and Bateman went to call the police. Defendant was in the hotel room where the rape occurred and was already washing himself. Further evidence of the crime, such as bed sheets and clothing that contained seminal fluids, could have been quickly destroyed. In addition, the crime of forcible rape is an extremely grave offense, a Class A felony. Section 566.030, RSMo Supp.1992. Without further evidence showing lack of exigency, a warrantless arrest in this case was lawful. Point denied.

■ In Point II, Defendant argues the trial court erred in admitting Instruction No. 4, patterned after MAI–CR3d 302.04, because it inappropriately defines "reasonable doubt" as "firmly convinced." Defendant cites *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), arguing it supports his contention. However, this same challenge has been consistently and repeatedly denied by the Missouri Supreme Court. *State v. Griffin*, 848 S.W.2d 464, 468–69 (Mo. banc 1993); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Waller*, 816 S.W.2d 212, 218[8] (Mo. banc 1991). Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.