Ronald Lee HOKE, Sr., No. 155686, Petitioner,

v.

Charles R. THOMPSON, Warden, Respondent.

No. 3:92CV10.

United States District Court, E.D. Virginia, Richmond Division.

May 25, 1994.

---

Brian F. Kenney, Miles and Stockbridge, Fairfax, VA, Gerald Thomas Zerkin, Gerald T. Zerkin and Associates, Richmond, VA, for petitioner.

Thomas C. Daniel, Office of the Atty. Gen., Richmond, VA, for respondent.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the petition, under 28 U.S.C. § 2254, for a Writ of Habeas Corpus of Robert Lee Hoke, Sr., a person now in the custody of the Commonwealth of Virginia and under a sentence of death. Hoke attacks the validity of the judgment of the Circuit Court for the City of Petersburg of November 17, 1987, convicting him of capital murder in the commission of robbery, abduction, and rape of Virginia C. Stell. Pursuant to his conviction, Hoke was sentenced to death. Respondent moves the Court for dismissal of Hoke's petition, and Hoke requests an evidentiary hearing pursuant to Rule 8 of the Rules Governing § 2254 Claims.

After petitioner duly noted his appeal to the Virginia Supreme Court, on March 3, 1989, that court affirmed the judgment of the Circuit Court. *Hoke v. Commonwealth,* 237 Va. 303, 377 S.E.2d 595 (1989). Thereafter, Hoke's petition for certiorari to the United States Supreme Court was denied. 491 U.S. 910, 109 S.Ct. 3201, 105 L.Ed.2d 709 (1989). On March 13, 1990, Hoke filed a petition for a Writ of Habeas Corpus in the Circuit Court of the City of Petersburg, and, after an evidentiary hearing on June 22, 1990, the court issued an order on July 12, 1990, denying the habeas petition. Hoke's Petition for Appeal to the Virginia Supreme Court was denied on March 4, 1991, and his March 6, 1991, Petition for Rehearing was denied on April 19, 1991. Hoke's Petition for Writ of Certiorari to the United States Supreme Court was denied on October 7, 1991. — U.S. —, 112 S.Ct. 228, 116 L.Ed.2d 185 (1991).

Hoke filed another Petition for Writ of Habeas Corpus in the Circuit Court of the City of Petersburg on April 29, 1991. The Petition was denied and dismissed on October 30, 1991. Hoke's appeal of that denial, noted on October 30, 1991, was denied by the Virginia Supreme Court.

Petitioner then filed his Petition for Writ of Habeas Corpus in this Court on January 7, 1992. After Hoke filed an Amended Petition on August 18, 1992, respondent filed the motion to dismiss now before the Court. The motion having been fully briefed, Hoke moved the Court on October 1, 1993, for an evidentiary hearing.

For reasons that follow, the Court must dismiss Hoke's petition and deny his request for an evidentiary hearing.

### Discussion

Hoke advances numerous arguments about the unlawfulness of his death sentence and/or conviction.[1] They are as follows:

1. Petitioner was denied the effective assistance of counsel.

2. Petitioner was denied due process in that the trial court's instruction did not contain a requirement of unanimity.

3. Petitioner's rights were violated when the trial court charged the jury on an allegedly nonexistent capital offense.

4. The jury form also lacked the requisite unanimity instruction.

5. Virginia's "vileness" aggravator unconstitutionally violates petitioner's rights under the Eighth and Fourteenth Amendments.

6. Virginia's future dangerousness aggravator is likewise unconstitutional.

7. Virginia's sentencing scheme is unconstitutional.

8. Petitioner was denied meaningful appellate review.

9. The sentencing verdict form used at petitioner's trial was unconstitutional.

10. Insufficient evidence of capital murder.

11. The jury in petitioner's trial was not constitutionally death qualified.

12. The application of Virginia's rape shield statute to petitioner was unconstitutional.

13. WAIVED

14. WAIVED

15. The jury selection process at petitioner's trial was unconstitutional.

16. The Commonwealth unconstitutionally interfered with petitioner's right to the assistance of a mental health expert.

17. Petitioner was denied meaningful assistance of mitigation experts.

18. Petitioner's right to equal protection of the law was violated by the Commonwealth's race-based decision to seek the death penalty.

19. CONCEDED

20. The trial court unconstitutionally refused to instruct the jury as to parole eligibility.

 This Court's review of Hoke's petition must be restricted to the inquiry of whether his confinement is in violation of the federal Constitution or laws. 28 U.S.C. § 2241(c)(3). Petitioner bears the burden of exhausting all state court remedies—a requirement that is strictly enforced in the interest of giving the state courts the first opportunity to consider any such alleged errors. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A petition that contains exhausted and unexhausted claims, such as that at issue here, may be considered if the petitioner has no available state remedy left, and because it is clear that the state would deny the review on the basis of a procedural bar. *See Meadows v. Legursky,* 904 F.2d 903 (4th Cir.) (en banc), *cert. denied,* 498 U.S. 986, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990).

 In addition to the exhaustion requirement, the federal court must also dismiss claims that are either explicitly ruled procedurally barred by the highest state court to consider the claims or that would clearly be procedurally barred if, in fact, presented to the state court. *See Pruett v. Thompson,* 996 F.2d 1560 (4th Cir.1993). One such procedural bar is based on default at trial. Under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), for a petitioner to avoid the effect of a procedural default, that petitioner must show "cause and prejudice" for the default. *See also Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Hoke first claims in his Amended Petition that he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the Constitution.

1. Within his memorandum in opposition to respondent's motion to dismiss, petitioner expressly waives Claims XIII and XIV. Petitioner also concedes that Claim XIX is controlled adversely by *Herrera v. Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

Hoke asserts that his trial counsel's performance fell below the range of competence expected of a criminal attorney trying a death penalty case, and that, pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), such performance prejudiced his defense as to both guilt and sentencing.

Petitioner cites a host of examples of his trial attorney's alleged incompetence, including: (1) counsel's belief, apparently held up to the day before trial, that he could avoid having to defend the capital murder charge by having Hoke plead only to first degree murder, and defend against the rape robbery and abduction charges; (2) counsel's failure to make various objections alleged by Petitioner to be routinely recognizable objections; (3) counsel's failure to object to instructions to the jury which included alternative bases in the disjunctive for imposing death, and that did not include a unanimity requirement. Further, Hoke complains of counsel's failure to conduct meaningful voir dire, his failure adequately to advise petitioner of his Fifth Amendment right not to testify, counsel's failure to investigate alleged mitigating circumstances and evidence, and counsel's failure to challenge the Commonwealth's use of prior criminal convictions to demonstrate future dangerousness.

Respondent identifies two components of Hoke's ineffective assistance of counsel claim—failure to object to the introduction of criminal convictions that were allegedly irrelevant to a determination of future dangerousness and failure to notice that a juror was substituted for another person in the jury panel—as the only claims that have been properly exhausted. All other parts of Hoke's ineffective assistance of counsel argument, according to the Commonwealth, have never been presented to and acted on by the state's highest court, and, as such, their presentation at this point would be procedurally barred under Virginia Code § 8.01–654(B)(2). Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), respondent argues, federal consideration of these additional claims, is precluded.

With respect to trial counsel's failure to object to the use of prior convictions, such as loitering, to establish future dangerousness, the Commonwealth contends that such failure did not constitute an omission "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Respondent points to the other prior convictions, including assault, attempted arson, and burglary, in asserting that objecting to introduction of the loitering conviction would have been pointless. In addition, the Commonwealth maintains that, in contravention of the *Strickland* requirements, Hoke has not demonstrated a reasonable probability that, but for his counsel's alleged unprofessional conduct, the result of the proceeding would have been different. Further, the respondent states that the failure to object or notice juror substitution was defaulted at trial.

Hoke opposes respondent's motion as to ineffective assistance of counsel first by pointing out that the very fact that the juror substitution claim was defaulted at trial, in effect, proves the inadequacy of trial counsel. Hoke also contends that respondent is incorrect is his argument that the *Teague* bar applies to many of the ineffectiveness claims. According to petitioner, many of the ineffectiveness matters were presented to the state habeas court, or need not have been because exhaustion would have been futile. Hoke urges that, a finding of prejudice being essentially precluded, he was not required to exhaust the ineffectiveness claims because he could not prevail on them in the Virginia courts.

■ Ineffective assistance of counsel claims are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070. As such, the Court must reach an independent conclusion on the ineffectiveness claims, although any state court findings as to historical facts related to the instant claims are presumed correct under 28 U.S.C. § 2254(d). *Clozza v. Murray*, 913 F.2d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991). Indeed, this Court has the benefit of the record from the hearing on June 22, 1990, in the Circuit Court of the City of Petersburg in which the court heard testimony regarding numerous allegations of ineffectiveness of trial counsel.

■ Without passing on respondent's contention that virtually all of Hoke's ineffectiveness of counsel claims are procedurally barred, the Court concludes that the averments before the Court regarding trial counsel's conduct do not, as a matter of law, rise to the level required by *Strickland.* In *Strickland,* the Court held:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. at 694, 104 S.Ct. at 2068. Accordingly, the Supreme Court has set forth the inquiry as follows:

When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, absent the errors, the sentencer—including an appellate court, to the extent it independently reweighs the evidence—would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.

*Id.* at 695, 104 S.Ct. at 2068–69. Attorney error short of constitutional ineffectiveness does not constitute cause. This principle applies in the event the alleged error arises from inadvertence, ignorance, or strategic choice. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see Griffin v. Aiken,* 775 F.2d 1226 (4th Cir.1985), *cert. denied,* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986); *Waye v. Townley,* 871 F.2d 18 (4th Cir.), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 710 (1989). The Court is satisfied that Hoke's allegations of ineffectiveness of counsel fail to establish either prong of the *Strickland* analysis.

The record reveals that petitioner's trial counsel spent approximately 100 hours in preparation for trial, and approximately the same amount of time in preparation for the Supreme Court ruling. Counsel estimated that he spent 25 to 30 hours with Hoke on petitioner's defense. In the hearing on the issue of counsel's alleged ineffectiveness, Judge Pollard of the Circuit Court of the City of Petersburg specifically found that counsel was not inadequate in his investigation of Hoke's use of drugs and alcohol on the day before the offense, and that counsel's handling of the issue of future dangerousness, in the context of securing psychiatric opinion and testimony, was not unconstitutionally ineffective.

■ With respect to petitioner's allegation of ineffectiveness as indicated by counsel's apparent belief that Hoke could plea guilty to first degree murder, the record reflects that, while counsel may have been ignorant of the nature of the plea available to his client, it cannot be said that the colloquy between court and counsel on this issue evidences unconstitutional ineffectiveness. *See Carrier,* 477 U.S. at 486–87, 106 S.Ct. at 2644–45. Asserting the mere fact of counsel's misconception, in light of counsel's testimony concerning the time he spent preparing Hoke's defense, cannot satisfy the essential inquiry established by *Strickland.*

In the second category of ineffectiveness alleged by Hoke, petitioner attempts to show inadequacy on counsel's part through eight instances of counsel's failure to object. Upon review of the trial transcript, the Court finds that the examples cited by petitioner do not, as a matter of fact and law, amount to unconstitutional ineffectiveness as defined in *Strickland.*

The third general category assigned by Hoke as examples of counsel's ineffectiveness concerns his failure to object to certain jury instructions on the basis of those instructions' alleged unconstitutionality. For reasons set forth below, the Court should conclude that counsel's lack of objection is supported by the Court's determination that the instructions were consistent with the law. Accordingly, it is the Court's opinion that counsel's failure to object to the instructions cannot qualify for ineffectiveness as defined by *Strickland.*

As for those examples of ineffectiveness advanced by Hoke under the category "Other

Errors," it simply cannot be said that petitioner has carried his burden of demonstrating that, but for counsel's ineffectiveness, if any, a different result would have obtained at trial. Respondent's motion regarding the claim of ineffective assistance of counsel will be granted. *See Pruett v. Thompson*, 996 F.2d 1560, 1568–70 (4th Cir.1993).

■ Respondent next attacks Hoke's Claim II, which alleges that the absence of a requirement of unanimity in the jury instruction as to capital murder violated petitioner's right to due process of law under the Fourteenth Amendment. Petitioner explains that the court's instruction to the jury that it could find Hoke guilty of capital murder based on one of three underlying felony predicates—robbery, rape or abduction "for money or other benefit of value" failed to require unanimity and, indeed, would have allowed the jury to find petitioner guilty with no more than four jurors agreeing as to the elements of the offense of capital murder. Petitioner contends that the lack of a unanimity instruction was prejudicial in this case because the evidence was "not overwhelming" as to any one ground. Hoke also asserts that the language in the abduction theory does not even describe a capital crime in Virginia. Where a general verdict renders it impossible to say whether a defendant was convicted under an erroneous or invalid view of the law, Hoke argues, reversal is required under *United States v. Head*, 641 F.2d 174 (4th Cir.1981), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983). Petitioner acknowledges both default and failure to exhaust.

Petitioner seeks to establish cause and prejudice to avoid default by pointing again to trial counsel's alleged ineffectiveness. In as much as trial counsel failed to understand or urge upon the court that the Commonwealth must establish all, rather than some, of the elements of the capital offense, Hoke asserts, the prejudice caused by counsel's conduct is apparent.

■ The Court is satisfied that petitioner has not established sufficient cause for the default. As respondent notes, the existence of cause for procedural default "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. It should be the judgment of the Court that petitioner's trial counsel's performance was not constitutionally ineffective under the *Strickland* standard, and there is "no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. Given the Court's conclusion as to petitioner's failure to demonstrate that his trial counsel's performance was inadequate so as to satisfy the *Strickland* test, the Court is required to dismiss as defaulted petitioners claims III and IV, both of which identify counsel's failure to object to certain jury instructions. The Court will further note that, according to the trial transcript, upon returning its verdict of guilty of capital murder and upon fixing Hoke's punishment at death, the jury "was polled as to the verdict and each juror answered in the affirmative." (Tr. at 281–82, 351). The Court concludes that the alleged errors in the capital murder instruction and the sentencing form did not violate Hoke's Fourteenth Amendment right to due process. *See Bunch v. Thompson*, 949 F.2d 1354, 1367 (4th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992) ("Virginia legislature has identified three different types of conduct, any of which would satisfy a finding of vileness. Virginia does not require that the jury identify the particular predicate on which it relies"); *Briley v. Bass*, 742 F.2d 155, 166 (4th Cir.), *cert. denied*, 469 U.S. 893, 105 S.Ct. 270, 83 L.Ed.2d 206 (1984) (affirmance by jurors that their verdict was unanimous moots any claim of error in the instructions on unanimity).

■ Respondent further moves for dismissal of petitioner's Claim V, alleging that Virginia's "vileness" aggravating circumstance is so vague and standardless as to be unconstitutional. Respondent appears to contend that this claim is defaulted. Respondent adds that Hoke's constitutional attack on the "vileness" aggravator is precluded in that, under the reasoning in *Teague*, it would

be barred by the Virginia Supreme Court if presented thereto.

Petitioner maintains that, in addition to failing to meet the test for a "new rule" under *Teague,* his argument regarding the "vileness" aggravator is not procedurally barred. Hoke urges that the Virginia "vileness" aggravator suffers from the same unconstitutional vagueness found by the Court in *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). Petitioner submits that Virginia's "narrowing" definition of its vileness aggravator is actually broader than the initial statutory definition: "that [defendant's] conduct in committing the offense was outrageously or wantonly vile, horrible or inhuman, in that it involved torture, depravity of mind or aggravated battery to the victim." Va.Code § 19.2–264.4(C). Virginia's vileness factor, according to Hoke, was unconstitutional prior to petitioner's conviction becoming final.

Respondent also moves for dismissal of Hoke's claim regarding the alleged unconstitutionality of Virginia's "future dangerousness" aggravator. Hoke contends that the "future dangerousness" aggravator fails to channel the sentencer's discretion, in violation of the Eighth and Fourteenth Amendments.

Further, Hoke generally challenges Virginia's sentencing scheme as unconstitutional. Pointing to the "vileness" and "future dangerousness" aggravators in addition to the scheme's alleged failure to consider mitigating circumstances, petitioner states that, under *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), the Virginia scheme is unconstitutional in that a defendant may be sentenced to death based upon the existence of an aggravator that does not allow the jury to give effect to all of the defendant's mitigating evidence.

Notwithstanding respondent's contention of exhaustion and default as they relate to Hoke's "future dangerousness" argument, and respondent's argument that Hoke's challenge to the "vileness" aggravator is procedurally barred, the Court concludes it proper to dismiss both claims as well as petitioner's challenge to the Virginia sentencing scheme generally. *See Jones v. Murray,* 976 F.2d 169, 174–76 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 27, 120 L.Ed.2d 951 (1992); *Jones v. Murray,* 947 F.2d 1106, 1117 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992) ("We have previously recognized that the Virginia Supreme Court has thus provided a constitutionally limited construction of its vileness aggravating factor"); *Bunch v. Thompson,* 949 F.2d 1354, 1367–68 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992); *Clozza v. Murray,* 913 F.2d 1092, 1105 (4th Cir.1990), *cert. denied,* 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991).

Hoke further urges that he was denied adequate appellate review by the Virginia Supreme Court. Relying on *Williams v. Lockhart,* 873 F.2d 1129 (8th Cir.), *cert. denied,* 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 333 (1989), Hoke contends that the state imposed rule of default is not an adequate ground for not considering the constitutional merits of the claim. Stating merely that Hoke's argument as to lack of meaningful appellate review is barred because it was dismissed by the Virginia Supreme Court, respondent moves for dismissal of the claim in the instant motion. Based on a review of the Virginia Supreme Court's consideration of Hoke's appeal, 237 Va. 303, 377 S.E.2d 595 (1989), this Court concludes that, in light of the record before it and contrary to petitioner's averment otherwise, the Virginia Court's review was, in fact and in law, constitutionally adequate.

In his Claim IX, petitioner argues that the sentencing form used at trial is unconstitutional in that it does not enable the jury to give effect to mitigating circumstances, and because it makes death a mandatory punishment upon the finding of an aggravating circumstance, in violation of the Eighth and Fourteenth Amendments. *See Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988); *Maynard v. Dixon,* 943 F.2d 407 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1211, 117 L.Ed.2d 450 (1992).

Respondent seeks dismissal of petitioner's Claim IX on the grounds of failure to exhaust

and default. Without addressing respondent's contention that the claim is barred, the Court concludes that the sentencing form was constitutionally valid. In light of the wording contained in Instruction Number 1, which explicitly states that the punishment may be fixed at death or life imprisonment, the Court concludes that the verdict form did not unconstitutionally mandate a sentence of death. *See Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973) (single instruction may not be viewed in isolation, but rather in context of overall charge); *Briley v. Bass,* 750 F.2d 1238, 1244 (4th Cir.1984), *cert. denied,* 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985); *See also, Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736–37, 52 L.Ed.2d 203 (1977).

▇▇▇ In Claim X, Hoke seeks to establish that the evidence of capital murder was insufficient under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the *Jackson* test, "the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S.Ct. at 2791–92. Hoke maintains that "no rational trier of fact" could have concluded that there was sufficient evidence to conclude that the murder was during the commission of, or subsequent to a rape, that it was during the commission of a robbery, or that it was committed during an abduction with the intent to extort money or other pecuniary benefit.

The Virginia Supreme Court considered this argument on direct appeal and concluded that the evidence was sufficient to support the jury's finding of rape and robbery. The Virginia Supreme Court also reviewed the evidence and determined that, based on *Brown v. Commonwealth,* 230 Va. 310, 337 S.E.2d 711, 713 (1985), the evidence was sufficient to support the jury's conclusion that Hoke killed Stell in the commission of abduction. The court noted that a finding of any one of the three capital murder predicates "would have supported a capital murder conviction." *Hoke,* 237 Va. 303, 377 S.E.2d at

600. This Court finds, based on the record before it, that there was sufficient evidence to support the jury's verdict of guilty of capital murder. Accordingly, the Claim will be dismissed.

▇▇▇ Petitioner also alleges that he was denied a fair and impartial jury in that the jury was not constitutionally "death qualified." The trial court, Hoke argues, improperly excluded veniremen who were not firmly opposed to the death penalty under all circumstances and allowed veniremen to remain in the jury pool who would impose death in all cases involving a willful, intentional, and deliberate murder. Based on *Turner v. Commonwealth,* 221 Va. 513, 273 S.E.2d 36 (1980) and *Buchanan v. Commonwealth,* 238 Va. 389, 384 S.E.2d 757 (1989), petitioner states that any claim based on inadequate voir dire of the veniremen in this action would not have succeeded on appeal to the Virginia court. As such, Hoke argues, failure to exhaust is excused. Petitioner adds that, though the claim is defaulted, such default should be excused for cause and prejudice consisting of counsel's failure to object to the conduct of the voir dire.

The Court initially finds that petitioner's Claim XI is defaulted in that he has not sufficiently established cause and prejudice consisting of ineffectiveness of counsel rising to the level required by *Strickland,* 466 U.S. at 669, 104 S.Ct. at 2055–56. *See Poyner v. Murray,* 964 F.2d 1404, 1423 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992). The finding of procedural bar notwithstanding, it is the Court's opinion that Hoke's Claim XI is adversely controlled by *Wainwright v. Witt,* 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841 (1985) (standard is whether juror's views would prevent or substantially impair performance of duties as juror in accordance with instructions and oath).

▇▇▇ Hoke next asserts that the application of Virginia's rape shield statute, Va.Code § 18.2–67.7, to preclude him from introducing evidence as to the victim's unchaste character violated his right to due process. Petitioner submits that "[F]ew rights are more fundamental than that of an accused to pres-

ent witnesses in his own defense." *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). Hoke further maintains that, under the balancing test of *Tinsley v. Borg,* 895 F.2d 520 (9th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991), the proffered evidence here reaches constitutional proportions.

Respondent seeks dismissal of Claim XII on the grounds that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

▮ Respondent's attempt to dismiss Claim XII on the basis of *Estelle,* supra, would be appropriate if Hoke had attacked the facial constitutionality of the rape shield statute, for "such elective speculation is left to the law reviews." *Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993), *citing, Estelle,* — U.S. —, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). However, "the fundamental question in this habeas corpus proceeding is whether [Hoke] was convicted in violation of his constitutional rights." *Goodwin,* 982 F.2d at 471. The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. Under *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Confrontation Clause includes the right to conduct reasonable cross-examination. The right to cross-examine is not, however, absolute in that it "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers,* 410 U.S 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297 (1973), *see Michigan v. Lucas,* 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991); *Stevens v. Miller,* 13 F.3d 998 (7th Cir.1994). Given that the Confrontation Clause's cross-examination guarantee is not absolute, and considering trial counsel's representation to the trial court as to the admittedly minimal nature of proffered testimony barred by the rape shield statute, the Court is of the opinion that the application of Va.Code § 18.2–67.7 in this instance did not deprive petition-

er of his right to due process. The Claim will be dismissed.

In his memorandum in opposition to respondent's motion to dismiss petitioner waives Claims XIII and XIV.

Hoke's Claim XV alleges that the jury in this case was selected in an unconstitutionally arbitrary and unfair manner, in violation of his Sixth, Eighth and Fourteenth Amendment rights. Petitioner concedes default, but asserts cause and prejudice consisting of counsel's ineffectiveness in failing to notice a clerical error associated with the jury selection. Respondent moves for dismissal on the grounds that the claim is defaulted.

Finding that counsel's assistance was not ineffective under the two part standard set forth in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, the Court will dismiss Claim XV.

▮ In Claim XVI, petitioner alleges that his rights to counsel and due process were violated by the Commonwealth's obtaining a copy of the independent psychiatric report, by artifice and trickery, in violation of Virginia Code § 19.2–264.3:1(D), and by the prosecutor's meeting with petitioner's expert to discuss the case. Under *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), petitioner contends he had a constitutional right to the confidential assistance of a psychiatric expert. Hoke states that, while it is true that defense counsel did not file the requisite notice under Va.Code § 19.2–264.-3:1E, the Commonwealth had alternatives to obtaining the psychiatric report itself.

The Court must apply the standard set forth in *Brecht v. Abrahamson,* — U.S. —, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), and concludes that the conduct complained of did not have "substantial and injurious effect or influence in determining the jury's verdict." *Id.,* — U.S. at —, 113 S.Ct. at 1721, (citation omitted). Having not established "actual prejudice," as required by *Brecht,* the Court must dismiss Hoke's claim that his rights were violated by the Commonwealth's alleged interference with his right to the assistance of a mental health expert.

▮ Respondent also moves for dismissal of petitioner's Claim XVII in which Hoke

alleges that his rights to effective assistance of counsel, due process, and equal protection were violated by the failure to appoint a competent psychiatric expert to assist him in the preparation and presentation of mitigating evidence at sentencing. Acknowledging failure to exhaust and default, respondent asserts futility and cause and prejudice consisting of counsel's alleged ineffectiveness.

Based on the trial transcript, the Court determines that petitioner has not satisfied the requirements under *Strickland* for establishing ineffectiveness of counsel. The record indicates that the psychiatrist's potential testimony was the subject of a colloquy between trial counsel and the trial judge. Upon counsel's representation to the court that he and the defendant did not wish to offer the testimony of the psychiatrist, the court asked for "a brief analysis of the favorable and unfavorable testimony that you would anticipate from [the psychiatrist]." (Tr. at 284). Counsel knew that the psychiatrist had determined the nature of petitioner's upbringing, his past dealings with drugs, and past hospitalizations. The Court notes that much of Hoke's fault-finding lies with the psychiatrist, Dr. Masri. However, petitioner seeks to establish excuse for default through ineffective assistance of counsel thereby requiring the Court to review the lawyer's conduct. *See Pruett v. Thompson,* 996 F.2d 1560, 1573 (4th Cir.1993). Based on that review, the Court simply is not able to conclude that counsel's handling of mitigation experts was inadequate under *Strickland.* In addition, the Court must observe that the issue of counsel's retention of competent psychiatric expertise was addressed at the state court hearing on June 22, 1990, and the Circuit Court Judge determined that trial counsel considered and reasonably relied on competent medical advice concerning petitioner's future dangerousness. Claim XVII will be dismissed.

Respondent further seeks dismissal of Hoke's Claim XVIII, alleging that petitioner's right to equal protection was violated by the Commonwealth's decision to seek the death penalty based upon petitioner's race. Hoke contends that the Commonwealth Attorney, who is African–American, upon being assigned to the case and discovering that petitioner is white, subsequently sought the death penalty.

The Court will dismiss Claim XVIII on the grounds that this claim has been defaulted, and petitioner has failed to establish cause and prejudice within the standards created by *Strickland.* With respect to Hoke's allegation of miscarriage of justice, the Court notes that the Supreme Court has held that "the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). "This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Id.* However, while "prosecutorial discretion is broad, it is not 'unfettered.' Selectivity in the enforcement of criminal laws is ... subject to constitutional restraints." *Id., quoting, United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979). Based on the record before it, the Court is of the opinion that the Commonwealth's decision to pursue the death penalty under the instant facts and circumstances represented a legitimate exercise of prosecutorial discretion.

In his memorandum in opposition to respondent's motion to dismiss, petitioner concedes that his Claim XIX is presently foreclosed by *Herrera v. Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

Finally, petitioner's Claim XX alleges that his constitutional rights were violated by the trial court's refusal to instruct the jury as to parole eligibility. While the Court should be persuaded that this claim is defaulted, and that Hoke has failed to establish cause and prejudice consisting of ineffectiveness of counsel under the *Strickland* standard, the Court notes that petitioner's argument is adversely controlled by *Peterson v. Murray,* 904 F.2d 882, 887 (4th Cir.), *cert. denied,* 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990) (while constitutionally permissible to instruct jury on subject of parole, such an instruction is not constitutionally required). As such the claim will be dismissed.

Petitioner also moves the Court for an evidentiary hearing on the following: (1) his

claims of ineffective assistance of counsel; (2) his claim that the decision to pursue the death penalty was racially motivated; (3) his argument of cause and prejudice on his defaulted claims; (4) his claim regarding the absence of meaningful appellate review; and, (5) his claim that the Commonwealth improperly obtained a copy of his psychiatric report.

Rule 8 of the Rules Governing § 2254 Cases states the following:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Rule 8(a), Rules Governing § 2254 Cases. In light of the Court's determination that respondent's motion to dismiss should be granted as to each of petitioner's claims, the Court will deny petitioner's motion for evidentiary hearing.

An appropriate Order shall issue.