No. 83–6814. Williford v. United States. C. A. 5th Cir. Certiorari denied.

Justice White, dissenting.

Petitioner Phillip Williford was convicted of wire fraud in violation of 18 U. S. C. § 1343 and of making a false statement in a loan application in violation of 18 U. S. C. § 1014. The original indictment charging him was returned on May 4, 1982. A superseding indictment was filed on August 17, 1982, and a second superseding indictment was filed on April 21, 1983. This final indictment omitted one paragraph describing a fraudulent transaction contained in its predecessor.

Petitioner sought a postponement of the scheduled trial date under the Speedy Trial Act, 18 U. S. C. § 3161(c)(2). That provision guarantees an adequate time to prepare a defense to the charge by preventing trial commencement until 30 days from the defendant's first appearance, unless the defendant consents in writing to an earlier date. Petitioner argued that § 3161(c)(2) precluded commencement of his trial until 30 days elapsed following the return of the last indictment. The District Court disagreed, and petitioner's trial began on May 3, 1983, only 12 days after the final indictment was returned.

When an indictment is dismissed on the motion of a defendant, under 18 U. S. C. § 3161(d)(1) any reindictment for the same

offense renews the 30-day period of § 3161(c)(2). In this case, however, the Fifth Circuit upheld petitioner's conviction, finding that a different rule applies when the prior indictment is dismissed on the motion of the Government: The minimum time limit runs from the original, not superseding, indictment, and any continuance is left to the discretion of the district judge. This holding is consistent with the view of the Seventh Circuit, *United States* v. *Horton*, 676 F. 2d 1165, 1169 (1982), the Second Circuit, *United States* v. *Todisco*, 667 F. 2d 255, 260 (1981), and the Eighth Circuit, *United States* v. *Dennis*, 625 F. 2d 782, 793 (1980). It conflicts, however, with the rule in the Ninth Circuit. In *United States* v. *Harris*, 724 F. 2d 1452 (1984), the Ninth Circuit held that the 30-day period applies even when the Government obtains an overlapping, superseding indictment. The court explained:

> "We read section 3161(c)(2) as guaranteeing that the defendant is not forced to trial less than thirty days from the date on which the defendant first appears *on the indictment on which the defendant ultimately goes to trial.* Such a construction is necessary to implement the protective purpose underlying section 3161(c)(2)." *Id.*, at 1455 (emphasis in original).

Accord, *United States* v. *Arkus*, 675 F. 2d 245, 247–248 (CA9 1982); see also *United States* v. *Wooten*, 688 F. 2d 941, 951 (CA4 1982) ("[S]ection 3161(c)(2) . . . guarantee[s] to the criminal defendant the right to a delay of at least 30 days between arraignment and trial in any circumstances").

Section 3161(c) was designed to protect the basic due process right of having adequate time to prepare a defense without allowing defendants to delay their scheduled trials unduly. S. Rep. No. 96–212, p. 32 (1979). There is a direct conflict among the Circuits over how that command will be put into effect. Congress intended the Speedy Trial Act to provide a uniform national rule regarding trial scheduling and delay. Yet, because of the conflicting interpretations of the various Circuits, a defendant's right to a 30-day preparation period after a superseding indictment now depends almost as much on the happenstance of geography as it does on the will of the Legislative Branch.

Accordingly, I dissent from the denial of certiorari.