No. 90–7928. FELTROP v. MISSOURI. Sup. Ct. Mo. Certiorari denied.

JUSTICE MARSHALL, dissenting.

In *Clemons* v. *Mississippi*, 494 U. S. 738 (1990), this Court held that, once a defendant is sentenced to death by an erroneously instructed jury, a reviewing court can resentence the defendant to death only if it *clearly and expressly* engages in either harmless-error analysis or reweighing of permissible aggravating and mitigating circumstances. See *id.*, at 741, 752, 754. It is conceded that the petitioner in this case was sentenced to death by an erroneously instructed jury. Nonetheless, the Missouri Supreme Court concluded that the trial court's *summary* denial of petitioner's motion to set aside the jury sentence constituted a constitutionally adequate resentencing. Because *Clemons* does not permit us to infer from the trial court's silence that it engaged in the requisite reweighing or harmless-error analysis, I would grant the petition for certiorari.

I

Petitioner was convicted of capital murder. At the conclusion of the penalty phase of his trial, the jury determined that the murder " 'involved depravity of mind and that as a result thereof it was outrageously or wantonly vile, horrible or inhuman.' " 803 S. W. 2d 1, 14 (Mo. en banc 1991). On the basis of this single aggravating factor, the jury sentenced petitioner to death. *Id.*, at 6. Petitioner thereafter filed a motion to reduce his sentence, arguing, *inter alia*, that the "depravity of mind" aggravating factor was unconstitutionally vague under this Court's precedents. The trial court denied the motion, stating from the bench that it " 'has listened attentively to [petitioner's argument] and has recalled the testimony and the evidence in this cause, and the Court will overrule the Motion for Reduction of Sentence.' " *Id.*, at 16.

The Missouri Supreme Court affirmed. The court acknowledged that the "depravity of mind" aggravating factor was uncon-

stitutionally vague under this Court's decision in *Godfrey* v. *Georgia*, 446 U. S. 420 (1980). See 803 S. W. 2d, at 14. See generally *Shell* v. *Mississippi*, 498 U. S. 1 (1990) *(per curiam); Clemons* v. *Mississippi*, 494 U. S. 738 (1990); *Maynard* v. *Cartwright*, 486 U. S. 356 (1988). It also acknowledged that the trial court had erred in not instructing the jury to apply the limiting construction fashioned by the Missouri Supreme Court in order to save the "depravity of mind" factor from unconstitutionality. See 803 S. W. 2d, at 14, citing *State* v. *Preston*, 673 S. W. 2d 1, 11 (Mo. en banc), cert. denied, 469 U. S. 893 (1984).* Nonetheless, relying on *Walton* v. *Arizona*, 497 U. S. 639 (1990), the Missouri Supreme Court concluded that the trial court's summary denial of petitioner's postsentence motion sufficed to cure any error in the jury's sentencing verdict. In *Walton,* this Court held that, where the death sentence is imposed by a trial judge, the trial judge need not expressly state that he has relied upon a constitutionally necessary limiting construction, because "[t]rial judges are presumed to know the law and to apply it in making their decisions." *Id.,* at 653. The Missouri Supreme Court in this case reasoned that it could likewise "presum[e] that the trial judge knew and applied the relevant factors enunciated in *State v. Preston* when he evaluated and ruled on [petitioner's] motion for reduction of sentence." 803 S. W. 2d, at 16.

In my view, the Missouri Supreme Court's reliance on *Walton* was clearly misplaced. As used in *Walton,* the "presumption" that a trial court has followed the law stands only for the proposition that error cannot be inferred where a trial court, acting as the initial sentencer, fails expressly to articulate its reliance on a limiting construction of what would otherwise be an unconstitutional aggravating factor. However, this presumption is clearly rebutted when, as here, the trial court *erroneously* instructs a sentencing jury by omitting any reference to the necessary limiting construction. Under such circumstances, the question is no longer

---

*Under the Missouri Supreme Court's narrowing construction of the "depravity of mind" aggravating circumstance, the sentencer is to consider the following factors: "mental state of defendant; infliction of physical or psychological torture upon the victim as when victim has a substantial period of time before death to anticipate and reflect upon it; brutality of defendant's conduct; mutilation of the body after death; absence of any substantive motive; absence of defendant's remorse and the nature of the crime." *State* v. *Preston*, 673 S. W. 2d 1, 11 (Mo. en banc), cert. denied, 469 U. S. 893 (1984).

whether error can be *inferred* from what the trial court has *not* said; error is *manifest* in what the court *has* said to the jury. See *Shell* v. *Mississippi, supra; Walton* v. *Arizona, supra,* at 653; *Clemons* v. *Mississippi, supra,* at 741; *Maynard* v. *Cartwright, supra,* at 363–364; *Godfrey* v. *Georgia, supra,* at 427–429 (plurality opinion). Thus, the question at that stage is whether a reviewing court has taken the steps necessary to *correct* sentencing error. In holding that the trial court's summary denial of petitioner's postsentence motion sufficed to cure the trial court's erroneous jury instructions in this case, the Missouri Supreme Court established a "presumption" that a reviewing court perceives and corrects all errors when it resentences a defendant to death.

This presumption is completely at odds with this Court's decision in *Clemons* v. *Mississippi, supra.* As in this case, the trial court in *Clemons* erred by failing to instruct the jury on a necessary limiting construction of a facially vague aggravating factor. This Court held that under such circumstances a reviewing court may itself resentence the defendant to death either by engaging in harmless error analysis or by reweighing the properly defined aggravating and mitigating circumstances. See *id.,* at 744–750, 752–753. Nonetheless, because it was "unclear whether [the reviewing court] correctly employed either of these methods," this Court vacated the sentence and remanded. *Id.,* at 741; see *id.,* at 752, 754. In particular, because the reviewing court's opinion was "virtually silent" on whether fresh consideration had been given to the mitigating evidence proffered by the defendant, this Court declined to infer that the reviewing court had correctly perceived the requirements of its resentencing function. *Id.,* at 752.

Under *Clemons,* there can be no question that the trial court's summary denial of petitioner's postsentence motion does *not* constitute a constitutionally adequate resentencing. Nothing in the trial court's brief remarks from the bench even remotely suggested that it had engaged in reweighing or harmless error analysis. The record in this case is not "virtually silent" on whether the reviewing court understood the nature of the original sentencing error; it is *completely* silent. Indeed, because the reviewing court in this case was the very court responsible for injecting the error into the sentencing process, there is every reason to believe that it was completely oblivious to the very necessity for resentencing. To apply a "presumption" that the trial court understood and applied the law under these circumstances is to turn a

defendant's right to error-free resentencing into a meaningless fiction.

The Missouri courts have failed to rectify the clear constitutional defect that has infected petitioner's death sentence. I believe that this Court is likewise remiss in its responsibilities when it permits a life-threatening error of this nature to go uncorrected.

## II

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant the petition and vacate petitioner's death sentence even if I did not view the issue in this case as being independently worthy of this Court's plenary review.