STATE of Missouri, Plaintiff–
Respondent,

v.

Samuel J. ZERANTE, Defendant–
Appellant.

Samuel J. ZERANTE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17025, 17532.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 20, 1992.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Emmett D. Queener, Columbia, for defendant-appellant (No. 17025), for movant-appellant (No. 17532).

PREWITT, Presiding Judge.

Following jury trial appellant was convicted of possessing more than 35 grams of marijuana. See § 195.202, RSMo Supp. 1989. He was sentenced to four years' imprisonment. He appealed from that conviction. Appellant also filed a motion seeking to vacate the conviction under Rule 29.15. Following an evidentiary hearing the motion was denied. Appellant also appeals from that denial. The appeals were consolidated. Rule 29.15(1).

For his first point appellant contends there was insufficient evidence to support the conviction because there was no proof that he "knowingly possessed the marijuana or that appellant had control of the marijuana, since the state's evidence failed to establish that appellant was aware of, or had access to, the marijuana in the trunk of Ron Reed's car."

In determining whether the evidence was sufficient, this court reviews the evidence and all reasonable inferences drawn from it in the light most favorable to the verdict. *State v. Dayringer*, 755 S.W.2d 698, 700 (Mo.App.1988).

Appellant and Ronald Reed lived in Indiana. They discussed buying marijuana through a contact in Arizona who appellant knew. Appellant called the contact from Indiana. Reed accumulated $30,000 to purchase the marijuana and then drove in his car toward Arizona. Appellant flew to Dallas. Reed picked appellant up in Dallas and they drove to Tucson.

In Tucson appellant made a telephone call from a pay phone. Then he and Reed went to a restaurant. Reed left the money and the car keys in the car and he and appellant went into the restaurant. Inside, appellant talked to a person from whom they were to buy the marijuana. That person and another drove away in Reed's car and returned with it shortly. Reed looked to see if the marijuana was in the trunk.

Reed and appellant then left Tucson. In route to Indiana they were stopped in Missouri for speeding. Reed gave consent to search the vehicle and officers found 45.83

pounds of marijuana in the trunk and a half-smoked marijuana cigarette in appellant's jacket.

■ Appellant was convicted under § 195.202, RSMo Supp.1989 of possession of more than 35 grams of marijuana. Section 195.010, RSMo Supp.1989 contains definitions applicable to certain sections, including § 195.202. Although except for the heading, § 195.202.1 uses "possess", we believe the following definition is applicable and was intended to apply to that section. That definition in § 195.010(33) states:

> **"Possessed" or "possessing a controlled substance"**, a person, with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint;

Appellant arranged for the purchase of marijuana by phone calls from Indiana and Tucson. He went to Arizona, arranged for the purchase there, and headed back to Indiana in the vehicle carrying the marijuana. Reed testified that appellant knew the marijuana was in the trunk. Neither the jurors nor this court has to leave its common sense at home. It is obvious that by his actions appellant had an interest in the marijuana either as a co-adventurer or a joint owner with Reed. It is a fair inference under these circumstances that appellant had at least constructive possession of the marijuana. Point one is denied.

Appellant asserts in his second point that the trial court erred in denying his motion in limine seeking to preclude a highway patrolman from testifying that he removed a half-smoked marijuana cigarette from appellant's coat and that appellant said he forgot it was there. Appellant contends that this testimony allowed the jury to consider evidence of an "uncharged crime".

■ When the trooper testified, appellant's counsel belatedly objected, but not on the theory now advanced. Failing to object on this basis prevents this point from being preserved for appellate review. An appellant may not broaden the scope of objections beyond that made to the trial court. *Plumlee v. Ramsay Dry Goods Co.*, 451 S.W.2d 603, 605 (Mo.App.1970). See also *State ex rel. Williams v. Williams*, 609 S.W.2d 456, 460 (Mo.App.1980). Nor is there any plain error under Rule 30.20. Appellant was charged with possessing marijuana. The marijuana in his coat could be a part of what he was charged with possessing. Point two is denied.

Appellant's third point relates to his motion for postconviction relief under Rule 29.15. He contends that he was denied effective assistance of counsel which prejudiced him "because he was dissuaded from entering into a favorable agreement for the resolution of the charges against him." He says this occurred because his counsel in the criminal proceeding "gave appellant incorrect advice at several stages of the pretrial procedure, used inappropriate methods in the plea bargaining process by misstating the law and facts to appellant, and by failing to investigate the methods used by the Indiana Board of Probation and Parole in the preparation of a presentence investigation report".

Review of the trial court's order denying the motion is limited to determining whether the findings and conclusions are clearly erroneous. Rule 29.15(j). Appellant has the burden of proving his grounds for postconviction relief by a preponderance of the evidence. Rule 29.15(h). Credibility of the witnesses is generally a matter for the trial court's determination to which this court gives considerable deference. *Case v. State*, 780 S.W.2d 681, 682 (Mo.App.1989).

■ To sustain a claim of ineffective assistance of counsel appellant must estab-

lish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

■ At the hearing on the motion appellant did not appear "because of a job committment". Appellant's counsel introduced into evidence the transcript of the trial of the criminal matter. Appellant then rested. The state called one of appellant's trial attorneys, apparently the one who appellant refers to in his point as providing ineffective assistance. The attorney testified he was co-counsel with an Indiana attorney hired by appellant and "second-chaired" the trial.

The motion court determined that the attorney correctly advised appellant except for a misstatement corrected 23 days before trial. It found no inappropriate methods in the plea bargaining and determined that the Indiana attorney, who was experienced in criminal law, would be presumed to have knowledge of what is included in a presentence investigation report in Indiana.

Appellant did not meet his burden of proof to show ineffective assistance of counsel nor did he establish that he was prejudiced as a result of ineffective assistance. The trial court's determinations were not clearly erroneous. Point Three is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.