STATE of Missouri, Plaintiff–
Respondent,

v.

Calvin WHITE, Defendant–Appellant.

Calvin WHITE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16980, 19188.

Missouri Court of Appeals,
Southern District,
Division Two.

July 28, 1994.

Emmett D. Queener, Office of the State
Public Defender, Columbia, for defendant-
movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Breck K. Burgess, Asst. Atty. Gen., Jefferson
City, for plaintiff-respondent.

PREWITT, Judge.

Following jury trial appellant Calvin White
was convicted of sodomy, § 566.060, RSMo
1986, (since amended, see RSMo Supp.1993)
and sentenced as a prior and persistent of-
fender to 20 years' imprisonment. Appellant
appealed from the conviction and sentence.
He also filed a Rule 29.15 motion seeking to
vacate the judgment. Movant initially
sought an evidentiary hearing on his motion
but thereafter filed a pleading stating "mov-
ant withdraws his request for an evidentiary
hearing and submits this cause for ruling

pursuant to Rule 29.15(i)." The trial court then made findings of fact and conclusions of law and denied the motion. White also appeals from that denial. Pursuant to Rule 29.15(*l*), the appeals have been consolidated.

■ Appellant presents three points relied on, the first two relate to his criminal conviction. Appellant contends in his first point that the trial court erred because "the court failed to instruct the venire panel, as required by MAI–CR3d 300.04, at the conclusion of the voir dire examination not to discuss the case because the failure to give the instruction allowed the opportunity for juror misconduct or improper influence".

■ This contention was first raised in appellant's motion for new trial. Generally, to preserve error for appellate review an objection must be made at the earliest possible opportunity so the trial judge may take corrective action. *State v. Helm,* 624 S.W.2d 513, 516 (Mo.App.1981). *See also State v. Zerante,* 825 S.W.2d 41, 43 (Mo.App.1992).

Had there been a prompt objection, the instruction could have been given before the jury left the courtroom, or after they returned there could have been an opportunity to determine if anything prejudicial occurred during the recess. In *State v. Feltrop,* 803 S.W.2d 1, 8 (Mo. banc), cert. denied, 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991), MAI–CR3d 300.04 was not read prior to the first recess. On appeal, the court noted that failure to give a proper instruction was error, the prejudicial effect to be judicially determined. See Rule 28.02(f).

In *Feltrop,* after the panel returned, defendant's counsel informed the court of the failure to give the instruction and the court gave counsel an opportunity to question the venirepersons regarding what they might have experienced during the recess. As no prejudice was determined, the court found no reversible error.

Here, nothing in the record indicates anything occurred to any of the prospective jurors during the recess which could have prejudiced appellant. Point I is denied.

■ For his second point, appellant contends that the trial court erred by "summar-izing the evidence and commenting on the credibility of the complaining witness". During the testimony of a witness offered by the state, Elizabeth Nevergall, a "professional social worker", the following occurred:

"Q. Now, can you tell me and tell the Court and the jury whether or not someone suffering from post-traumatic stress syndrome would have a memory loss?

A. That is one of the symptoms of—of the syndrome, is difficulty recalling things in the short term memory problems, that is, things that—

MR. CARDONA [appellant's trial attorney]: I'll object, Your Honor. The answer is nonresponsive. The question was, did she—

THE COURT: Sustained. That will be stricken. That portion.

MR. ELLSWORTH [prosecuting attorney]: Okay. Can we have the question back again, or is that on this—that on tape?

THE COURT: Well, I'm going to allow in she made an answer to the question, would the alleged victim have memory loss, and she testified that she would.

MR. ELLSWORTH: Yes. Okay.

BY MR. ELLSWORTH:

Q. Would—Would a person suffering from post-traumatic stress syndrome have certain states of mind that could be characterized as denial?

A. Yes, that would be typical of the diagnosis."

Appellant acknowledges that neither at trial nor in the motion for new trial was this contention raised. He seeks review for plain error. Plain error exists only when the court finds that a manifest injustice or a miscarriage of justice has occurred. Rule 30.20. See also *Feltrop,* 803 S.W.2d at 17.

■ Plain error review is used sparingly; the existence of plain error must be determined from examination of the particular facts and circumstances of each case. *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983). The matter complained of was relatively insignificant and we do not see how it could create manifest injustice or miscarriage of justice. Point II is denied.

**626**

The remaining contention raised by appellant is that the court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel "in that trial counsel failed to object to the trial court's finding that appellant was a prior and persistent offender". He contends that there was no showing that he was represented by counsel in connection with his prior convictions.

Review of the denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j); *State v. Williamson*, 836 S.W.2d 70, 73 (Mo.App. 1992). Movant has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(h).

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985). "To prove ineffective assistance of counsel, a post-conviction relief movant must show that counsel's performance fell below a reasonable level and that this deficiency prejudiced him." *State v. Hamilton*, 791 S.W.2d 789, 797 (Mo.App.1990).

Appellant has not shown that any objection by his trial counsel on the basis alleged would have changed the result. Nor has he stated in his motion or anywhere else in the record that he did not receive effective assistance of counsel in regard to his prior convictions. Appellant and his counsel may have known that he received assistance of counsel and knew that could have been shown had an objection been made on that basis. Appellant has not established that an objection would have made a difference in the result. The trial court did not clearly err in denying his Rule 29.15 motion.

The judgments are affirmed.

GARRISON, P.J., and PARRISH, J., concur.