**STATE of Missouri, Respondent,**

v.

**Robert JOHNSON, Appellant.**

**Robert JOHNSON, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 77617.

Supreme Court of Missouri, En Banc.

June 20, 1995.

As Modified July 25, 1995.

Douglas R. Hoff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

LIMBAUGH, Judge.

Robert Johnson was convicted of possession of a controlled substance, cocaine base, and sentenced to seven years imprisonment. His motion for postconviction relief was denied. On consolidated appeal, the Court of Appeals, Eastern District, reversed and remanded for a new trial. Thereafter, transfer was granted by this Court. The conviction and denial of postconviction relief are affirmed.

This Court granted transfer to address allegations of error regarding certain questions during voir dire. At the pretrial conference, the prosecution requested a preliminary ruling for the admission of evidence that Johnson had a prior conviction for possession of cocaine. The trial court ruled that the evidence was admissible for the limited purpose of proving that Johnson knew that the substance he possessed was cocaine. Because of the trial court's ruling, defense counsel asked the prospective jurors during voir dire whether they would be biased if evidence was introduced that Johnson had a prior conviction similar to the one with which he was now charged. Nine members of the panel indicated that such evidence would influence them, and they were removed for cause.

After voir dire, but before opening statements, defense counsel renewed his objection to the admission of evidence of Johnson's prior conviction. Defense counsel brought to the court's attention, for the first time, that the prior conviction involved possession of cocaine in its powder form, not cocaine base, a/k/a "crack" cocaine, as now charged. The trial court, persuaded that the two substances were not sufficiently similar to prove knowledge of possession, then reversed its prior ruling to admit evidence of the past conviction. At that point, defense counsel moved for a mistrial on the basis that the entire jury panel was infected with knowledge of Johnson's prior cocaine conviction. However, the trial court determined that Johnson was not prejudiced and overruled the motion. At trial, no evidence of Johnson's prior conviction was introduced.

On appeal, Johnson asserts that the trial court committed reversible error by refusing

to order a mistrial. Absent that relief, as he explains, he was denied the right to an impartial jury and the right to be tried solely for the offense charged.

■ The declaration of a mistrial is a drastic remedy to be exercised only in those extraordinary circumstances in which the prejudice to the defendant cannot otherwise be removed. *State v. Burgess*, 800 S.W.2d 743, 746 (Mo. banc 1990). Because the trial court observes the incident giving rise to the request for a mistrial, and is in a better position to evaluate the prejudicial effect of the incident, if any, the declaration of a mistrial rests largely in its discretion. *State v. Feltrop*, 803 S.W.2d 1, 9 (Mo. banc) *cert. denied*, 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991). This Court's only function, therefore, is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial. *Id.*

Introducing evidence of, or commenting on, a defendant's prior conviction raises a host of complex issues. In this case, ironically, it was not the prosecutor but the defense counsel who, in questioning the jury panel, made the allegedly erroneous comments. Defendant's real complaint is that his counsel was forced to ask damaging questions that would have been unnecessary but for the trial court's erroneous ruling to allow evidence of a prior conviction.

From our standpoint, however, this is a case in which defense counsel made a strategic and justifiable decision that backfired. Contrary to the defendant's assertion, his trial counsel was not "forced" to ask the prospective jurors whether they would be biased if it was shown that defendant had a prior conviction. Counsel had other options. Because the court's original ruling on admission of the prior conviction was clearly *in limine*, and subject to change, counsel could have elected to forego questioning on the prior conviction at voir dire and instead could have sought a different ruling from the court if and when the prosecution attempted to introduce the conviction. Furthermore, if indeed defense counsel was firm in his belief that the conviction was inadmissible, he could

have simply brought an appeal in the event the conviction had been admitted.[1]

■ More critical to a resolution of the case is the fact that the prejudice, if any, resulting from the voir dire questions, was caused by Johnson himself. The circumstances of the prior conviction was information that he knew or should have known. Nevertheless, he failed to timely argue to the trial judge that the prior conviction involved possession of cocaine in its powder form, not "crack" cocaine, even though he had this opportunity during the hearing for the motion *in limine* and before voir dire. Had this information been disclosed to the judge when the matter was first brought up by the prosecuting attorney, the judge's original ruling would undoubtedly have been different. Indeed, once given the proper information, the trial judge ruled in Johnson's favor that the evidence of the prior conviction was inadmissible. The trial judge is not required to reward defendant with a mistrial for errors of the defendant's own making. *See State v. Olinghouse*, 605 S.W.2d 58, 70 (Mo. banc 1980).

For all of the above reasons, we conclude that the voir dire questions asked by defense counsel, and the events that lead to those questions, do not constitute the extraordinary circumstances that make necessary the drastic remedy of a mistrial. Thus, we hold that the trial court did not abuse its discretion in denying that relief.

In the postconviction relief proceedings, Johnson contends that the motion court erred by denying him an evidentiary hearing under Rule 29.15. In particular, he alleges that his trial attorney was ineffective for failing to call two witnesses, Linda Morant and Leander Price, to testify at trial.

■ This Court will uphold the motion court's findings of fact and conclusions of law unless they are clearly erroneous. *Rule 29.15(j); Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Those findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. *State v.*

---

1. Johnson tangentially complains of the trial court's initial ruling that his prior conviction for possession of cocaine was admissible. The State and the trial court relied on *State v. Cheesebrew*,

575 S.W.2d 218 (Mo.App.1978). Because the trial court changed its initial ruling, it is unnecessary to address that ruling or the propriety of the *Cheesebrew* holding.

*Stepter,* 794 S.W.2d 649, 656 (Mo. banc 1990). Before a movant is entitled to an evidentiary hearing, his motion must meet the following requirements: 1) it must allege facts, not conclusions, that would warrant relief if true; 2) the record must not refute those facts; and 3) the matters complained of must have prejudiced the movant. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992).

 To establish ineffective assistance of counsel, a movant must show that his attorney failed to conform his representation to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances, and that movant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Furthermore, to prevail on a claim of ineffective assistance of counsel due to counsel's failure to call a witness to testify, the movant must show that the witness would have testified if called and that the witness's testimony would have aided the movant's defense. *Leisure v. State,* 828 S.W.2d 872, 875 (Mo. banc), *cert. denied,* — U.S. —, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). If counsel believes that the witness's testimony would not unqualifiedly support the defense, the decision of whether to call the witness is a matter of trial strategy that will not support a finding of ineffective assistance of counsel. *Eldridge v. State,* 592 S.W.2d 738, 741 (Mo. banc 1979).

 Johnson first claims that he asked trial counsel to call Linda Morant as a witness whose testimony would support his defense. This claim, however, is refuted by the record. During sentencing proceedings, trial counsel was examined by the court pursuant to Rule 29.07(b)(4) and stated that Johnson did not tell him about "Linda" until after the trial and that Johnson did not have her last name or address. In fact, even at the time of sentencing Johnson did not have a last name or address for this alleged witness. We conclude that the court did not err in denying Johnson an evidentiary hearing on trial counsel's failure to call Linda Morant.

 Johnson also claims that trial counsel was ineffective for failing to call Leander Price as a witness to contradict the statements of police officers who testified for the State. The record refutes this claim as well.

When trial counsel was examined on this issue, he stated that Price was in the Department of Corrections at the time of trial. As a convicted criminal, therefore, Price's testimony could have done more harm than good—if the jury questioned Price's credibility, it also may have questioned the credibility of Johnson's entire theory of defense. This was sufficient to allow the motion court to find that a reasonably competent counsel would refuse to call Price to the stand for reasons of trial strategy and thus defeat an ineffective assistance of counsel claim. We conclude that the court did not err in denying Johnson an evidentiary hearing on trial counsel's failure to call Leander Price.

Finally, Johnson argues that the definition of "reasonable doubt" in MAI–CR3d 302.04 improperly and unconstitutionally lowers the State's burden of proof. Because this issue was not preserved, he requests plain error review. This Court has consistently and repeatedly held that this instruction is constitutional. *See State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995).

The judgments are affirmed.

All concur.