**STATE of Missouri, Respondent,**

v.

**Florencio BARAJAS, Appellant.**

**No. WD 51956.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1996.

David Simpson, Asst. Public Defender Office, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Assistant Attorney General, Jefferson City, for respondent.

Before HANNA, P.J., and SMART and EDWIN H. SMITH, JJ.

PER CURIAM.

The defendant was convicted of the class C felony of tampering in the first degree, § 569.080.1(2), RSMo 1994, in the circuit court of Buchanan County. He was sentenced to nine months in the Buchanan County Jail. §§ 558.011.1(3) and 560.011, RSMo.1994.

At the first recess of court, during voir dire, the trial court failed to read mandatory

instruction MAI–CR3d 300.04. The defendant requested that the panel be struck, which was denied.

Following the defendant's conviction and sentence, he appeals alleging the sole point that his right to due process of law was violated because the court failed to read cautionary instruction MAI–CR3d 300.04 to the venire at the first recess.

The first recess of court occurred during defense counsel's examination of the panel when some panel members requested a recess to use the restroom facilities The court declared a fifteen minute recess. When the panel returned and the questioning resumed, the defense attorney advised the court that it had failed to read instruction MAI–CR3d 300.04 prior to the recess. On two occasions the court inquired of defense counsel what corrective action he wished to take. Defense counsel moved to strike the panel. The motion was denied.

The committee notes direct the court to read MAI–CR3d 300.04 prior to the first recess during the voir dire examination. Rule 28.02(f). *State v. Feltrop*, 803 S.W.2d 1, 8 (Mo. banc 1991), *cert. denied*, 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081. Rule 28.02(f) also provides that the prejudicial effect will be considered if a timely objection has been made pursuant to Rule 28.03. Failure to give a proper instruction is error, the prejudicial effect of which, if any, is to be judicially determined.

■ Defense counsel objected when the panel returned. The objection was not timely. A timely objection should have been registered with the court before the panel recessed. A timely objection would have allowed the trial court to take corrective action. *State v. White*, 880 S.W.2d 624, 625 (Mo.App.1994). As the Missouri Supreme Court said in *Feltrop*, "to the extent [the defendant] failed to question venirepersons about this particular subject, having been given opportunity to do so, he waived any claim of error." *Feltrop*, 803 S.W.2d at 8. *See also White*, 880 S.W.2d at 625; *State v. Starke*, 811 S.W.2d 799, 801 (Mo.App.1991). By failing to remind the court to give the instruction when it was apparent that the panel was going to be excused without the reading of the instruction, the defendant waived his right to appellate review. *State v. Johnson*, 714 S.W.2d 752, 762 (Mo.App.1986).

■ Further, the defendant has not shown prejudice. When the jury returned from its short recess, the defendant continued his voir dire examination. The defendant had the opportunity, if he was concerned about outside influence, to question the panel members about the matters addressed in MAI–CR3d 300.04. He chose not to do so. He waived his right to show prejudice by failing to question the panel. The defendant acknowledges that there is no showing of prejudice because of the court's failure to read the instruction at the first recess and our review of the record reveals no prejudice. *See White*, 880 S.W.2d at 625. In light of the defendant's failure to timely object and his opportunity to question the venire about what publicity or outside influence they may have been exposed to during the first recess, the defendant waived any claim of error and failed to show prejudice.

Judgment of conviction affirmed.