**STATE of Missouri, Respondent,**

v.

**Jerry Lee WATSON, Appellant.**

**Nos. WD 51831, WD 53625.**

Missouri Court of Appeals,
Western District.

June 24, 1997.

---

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

BERREY, Judge.

Appellant was convicted by a jury in Buchanan County, of first degree robbery, § 569.020, RSMo.1994, and armed criminal action, § 571.015, RSMo.1994. Judge Judah, following the jury recommended sentencing, sentenced appellant to consecutive prison terms of twelve years on the robbery and three years on the armed criminal action, respectively.

The facts are not at issue. Briefly, appellant entered Domino's Pizza about 10:00 p.m. on October 24, 1994. He was armed with a semi-automatic hand gun and demanded money from Gary Copeland, an employee who was in the process of removing pizzas. Appellant also pointed his pistol at the manager, Vince McIntosh, and told him not to "do anything stupid" or "push any buttons." McIntosh showed appellant the cash register from which appellant removed $500.00 and fled through the rear door.

At the time of sentencing, Judge Judah specifically ordered that Count II (armed criminal action) was not to run consecutively to Count I. When he prepared his written judgment, he sentenced appellant to twelve years and three years to run consecutively.

■ Appellant raises two points of trial court error: 1) the trial court plainly erred when it entered its written judgment sentence as it conflicted with his oral pronouncement and 2) that his motion counsel was ineffective because his counsel did not permit him to testify.

Under ordinary circumstances, we will address plain error if we find a manifest injustice or a miscarriage of justice has occurred. Rule 30.20. However, in the instant case, the state confesses error and requests that we remand the case to the trial court to enter a written judgment in accordance with his oral pronouncement. We remand to the trial court to resentence appellant according to his oral pronouncement.

■ For Point II, appellant alleges the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing. Appellant alleges his attorney was ineffective because he did not allow appellant to testify.

Our review is limited to making a determination that the motion court's findings, conclusions and judgment were clearly erroneous. *State v. Driver,* 912 S.W.2d 52, 54 (Mo. banc 1995). The motion court's findings and conclusions will be held clearly erroneous if after a thorough review of the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Johnson,* 901 S.W.2d 60, 62 (Mo. banc 1995).

To establish ineffective assistance of counsel, appellant must satisfy a two-prong test: 1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and 2) defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

■ Prejudice may be found if it is demonstrated by a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996). Movant must establish the fact finder would have a reasonable doubt as to guilt absent the alleged error. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987), *cert. denied,* 493 U.S. 898, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989). There is a strong presumption that counsel performed effectively and movant's burden to overcome this presumption by a preponderance of the evidence is great. *Tokar,* 918 S.W.2d at 761.

Appellant herein alleges ineffective assistance of counsel because he was not called to testify. A review of the complete record refutes this allegation. Set forth below are just a few of the questions asked and answered by appellant regarding his desire to testify.

MR. ERNST: And I've explained to you that one of the decisions that you are entitled to make is whether or not you will take the stand and testify in your behalf.

THE DEFENDANT: Right.

MR. ERNST: Do you understand that?

THE DEFENDANT: Yes.

MR. ERNST: Okay. You understand that, under the constitution, you have the right to just sit here and make them prove you guilty?

THE DEFENDANT: Yes.

MR. ERNST: You don't have to say to the jury I'm not guilty because the law presume you to be not guilty?

THE COURT: You need to answer, sir, not just shake your head.

THE DEFENDANT: Yes.

MR. ERNST: You need to answer out loud because the mike is picking you up.

THE DEFENDANT: Yes.

* * *

MR. ERNST: We've also discussed whether or not you're going to take the stand;—

THE DEFENDANT: Yes.

MR. ERNST:—have we not? And have you made a decision in your own mind about whether you want to take the stand or not?

THE DEFENDANT: Yes, I have.

MR. ERNST: And what is that decision?

THE DEFENDANT: I don't want to take the stand.

MR. ERNST: Okay. Is there any pressure or force that I've applied to you to make you not want to take the stand?

THE DEFENDANT: No.

MR. ERNST: Have I suggested to you that there's no way we can win this case without you taking the stand?

THE DEFENDANT: No, you haven't.

MR. ERNST: Have I—We talked about the jury instructions a little bit; haven't we?

THE DEFENDANT: Yes.

MR. ERNST: You understand if you don't take the stand, I'll be submitting Missouri approved instruction Criminal 308.14, which says, 'Under the law, the defendant has the right not to testify, and no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify.'

THE DEFENDANT: Yes.

MR. ERNST: And that would be given to the jury; and in addition, Mr. Nelson in his closing argument could not comment on your refusal to testify; do you understand that?

THE DEFENDANT: Yes.

MR. ERNST: Okay. And knowing all that and having reached this decision, you understand that, once we close the evidence and we start the closing arguments,

it's too late to go back and say maybe I should have testified?

THE DEFENDANT: Yes. I understand that.

* * *

THE COURT: Well, I'm not sure whether I do or not. I don't want to inquire improperly. Would you, through your client, wish to leave any sort of record with respect to the basis for his decision not to testify or not?

MR. ERNST: Mr. Watson, is there a reason why you don't want to testify?

THE DEFENDANT: Because I don't have no witnesses here with me, you know, on my side.

MR. ERNST: You understand you could be a witness for yourself; but because of what we've talked about, you feel it's be better not to?

THE DEFENDANT: Right.

MR. ERNST: And, Judge, there's stuff I cannot get into because of privilege.

THE COURT: I understand that, and that's what I'm trying to avoid; however, I wanted this decision that Mr. Watson is making to have been an informed decision that—

Have you discussed certain factors relating to this case or perhaps to you which have caused you to believe that it would not be in your best interest to testify in this case?

I don't know—I'm not trying to be specific. I'm not trying to be nosy. You have decided not to testify in this case yourself.

THE DEFENDANT: Yeah.

THE COURT: Having other witnesses here is a different situation, but you yourself have concluded that you do not with [sic] to testify in this case.

THE DEFENDANT: That's right.

THE COURT: That was based on certain things, correct?

THE DEFENDANT: Yeah.

* * *

THE COURT: Okay. Are there certain answers to questions that you would prefer not to have to answer which may be asked of you by the State?

THE DEFENDANT: It depends—

THE COURT: If Mr. Nelson—Well, if Mr.—There's certain answers you would not like to have to say in open court in front of the jury from questions you might expect Mr. Nelson would ask you?

THE DEFENDANT: Yeah.

THE COURT: And I'm not trying to drawn [sic] any inference from that; and, obviously, it's not going to make any difference if I draw any inference anyway. I'm not the finder of fact.

Mr. Ernst and you have discussed this case on a number of occasions, is that right, prior to today?

THE DEFENDANT: That's right.

THE COURT: Thus far he has provided you or represented you at what you are guaranteed under the law, a trial by jury. Has the case thus far proceeded in the manner that you thought that it would?

THE DEFENDANT: Yeah.

THE COURT: The State has called witnesses and they have testified?

THE DEFENDANT: Yes.

THE COURT: Now at this stage of the game, are you—is it your desire not to testify yourself—

THE DEFENDANT: That's right.

THE COURT:—and not to call any other witnesses to testify for you?

THE DEFENDANT: Yeah.

THE COURT: And simply allow the lawyers to get up and argue the case to determine whether you're guilty or not guilty?

THE DEFENDANT: That's right.

THE COURT: Now, you've discussed this case and this approach to it with Mr. Ernst; is that right?

THE DEFENDANT: Yes.

THE COURT: Is this all being done with your approval?

THE DEFENDANT: Yeah.

THE COURT: Do you have any criticism—

MR. ERNST: Excuse me. You need to speak up a little bit. Lorrie is having trouble hearing you on the recorder.

THE DEFENDANT: Yes.

THE COURT: Okay. You have no criticism of Mr. Ernst regarding this strategy at this time?

THE DEFENDANT: No.

THE COURT: Okay. That is with your desire that we are doing that; is that correct?

THE DEFENDANT: That's correct.

THE COURT: Okay. I'll just ask you one other time right not because we're getting ready to get the jury back in pretty quick. Are you sure you do not wish to testify in your defense in this case?

THE DEFENDANT: Positive.

THE COURT: Any doubt in your mind?

THE DEFENDANT: No doubt at all.

THE COURT: Okay. Is there any doubt in your mind that you do not wish to call any other witnesses to testify for you?

THE DEFENDANT: No.

THE COURT: Okay. Do you have any questions you want to ask me?

THE DEFENDANT: No, sir.

We will not speculate on what certain questions might be asked of appellant that he does not wish to answer. Nor will we speculate regarding his ultimate decision not to call witnesses. When a defendant alleges ineffective assistance of trial counsel for failing to call a witness at trial, defendant must identify 1) an existing witness, 2) what his testimony would have been, 3) whether counsel was informed of his existence, and 4) whether he was available to testify. *State v. McGuire*, 892 S.W.2d 381, 386 (Mo.App. 1995). Appellant did not identify any such witnesses.

The record is clear and thorough. Both appellant's attorney and the Court inquired regarding his position on testifying. The record leaves no doubt but that appellant did not desire to testify. Appellant's attorney was not ineffective, quite the contrary, he rendered appellant excellent representation.

Point II is denied.

Remanded with directions that the trial court resentence appellant pursuant to this opinion.

All concur.