STATE of Missouri, Plaintiff–
Respondent,

v.

John GRIFFEN, Defendant–Appellant.

No. 21931.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 2, 1998.

Susan McGraugh, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for Respondent.

SHRUM, Presiding Judge.

A jury convicted John Griffen [1] (Defendant) of possession of a controlled substance, § 195.202, RSMo 1994, a Class C felony. He was sentenced as a prior and persistent offender to a term of twenty years in the custody of the Department of Corrections.

1. Throughout this record, discrepancies appear in the spelling of Defendant's surname. Some documents show "Griffen" and others "Griffin." We use the surname found on the sentence and judgment, which is "Griffen."

Defendant appeals, claiming that the trial court abused its discretion in overruling his motion for mistrial. The request for mistrial came when a State's witness entered the courtroom in violation of the court's order excluding witnesses. We affirm.

## FACTS

Defendant was a passenger in a motor vehicle that was stopped by a Poplar Bluff police officer on August 28, 1996. Another officer, Michael Todd, was called to assist. Upon Todd's arrival, he learned from a dispatcher that Defendant had a number of outstanding arrest warrants. Thereon, Todd arrested Defendant and conducted a "pat-down" search. During this search, Todd found a neatly folded brown paper in Defendant's pocket. The paper contained a white powder which ultimately was analyzed as "crack" cocaine. Discovery of the cocaine led to the possession charge.

As a pre-trial matter, Defendant moved for the "rule on witnesses." The trial court sustained the motion and ordered the State "to remove all the witnesses you're going to call except the first one." Continuing, the judge said to both parties: "Whoever your witnesses are, I'll ask that you keep them out of the courtroom."

Officer Todd was the State's first witness. After he testified about removing the brown paper from Defendant's pants pocket, the following occurred:

"[PROSECUTOR]: I'm going to show you an item marked State's Exhibit # 1, which is sealed with evidence tape. Would you open that particular exhibit and examine the content?"

"THE COURT: While he's opening that, [Prosecutor], is this a state's witness that came in and sat down?

"[PROSECUTOR]: Yes, it is. I'm sorry.

"[DEFENSE COUNSEL]: Your Honor, may we approach the bench at this time?

"THE COURT: Yes, you may.

(The following proceedings were had at the bench out of the hearing of the jury.)

"[DEFENSE COUNSEL]: Your Honor, at this time I would move for a mistrial on the basis that a state's witness was in the

courtroom and heard some of the testimony of another state's witness. This is violative of my client's constitutional rights of protection of due process.

"[PROSECUTOR]: Judge, [Detective Brainard is] just the evidence tech. He's going to testify about chain of custody.

"THE COURT: Of course. I don't know what his testimony is at this point, but I observed him when he came in the courtroom as this officer was testifying and that's why I asked, the court asked the question as the officer was asked to open the evidence. He hadn't opened it yet so the request will be denied at this time."

Later, the "intruding" witness (Detective Brainard) was called by the State. He testified that he was an evidence technician with the Poplar Bluff police department and recounted his role in maintaining the chain of custody for the cocaine seized from Defendant. Defendant did not object to or otherwise ask for exclusion of Detective Brainard's testimony.

Defendant rested without presenting any evidence. Following instructions and deliberation, the jury returned a guilty verdict. Following sentencing, Defendant appealed.

## DISCUSSION

Defendant's single point maintains that the trial court erred and abused its discretion when it overruled Defendant's motion for mistrial after Detective Brainard entered the courtroom and heard part of Officer Todd's testimony even though the rule on exclusion of witnesses had been invoked. Defendant asserts that when the trial court ordered witnesses excluded from the courtroom, that order imposed an affirmative duty on the State to keep its witnesses out of the courtroom. Continuing, Defendant argues that the State's "consent" to Brainard's presence in the courtroom "can be implied from its failure to comply with the order." Defendant insists that he was prejudiced because "these two witnesses testified about the same subject and were given an opportunity to coordinate their testimony."

Defendant is incorrect when he claims that the remedy for violation of the "rule on wit-

ness" is a mistrial. Neither in the cases cited by Defendant nor through our independent research have we found a single instance where mistrial was declared because an excluded witness entered a courtroom and heard another's testimony.

■ A court may order the exclusion of witnesses during a trial so that they cannot hear the testimony of other witnesses. *State v. Tracy,* 918 S.W.2d 847, 850[3] (Mo.App. 1996). The remedy or sanction available to a court for violation of "the rule" is to disqualify the offending witness from testifying. *See, e.g. State v. Ruffin,* 286 S.W.2d 743, 749 (Mo.1956); *State v. Sexton,* 929 S.W.2d 909, 915 (Mo.App.1996); *Tracy,* 918 S.W.2d at 850.

■ However, violation of "the rule" does not automatically warrant the exclusion of the witness who violates the rule. *State v. Gilmore,* 797 S.W.2d 802, 806 (Mo.App.1990). To the contrary, it is only when certain "special circumstances" exist that a trial court should exclude the testimony of a witness who violates the witness exclusion rule. *Sexton,* 929 S.W.2d at 915[6]. As a general rule, these "special circumstances" exist only where there is proof that the witness violated the rule with "the consent, connivance or procurement of the party or counsel calling him." *State v. Gibson,* 760 S.W.2d 524, 526–27 (Mo.App.1988) (holding it was abuse of trial court discretion to exclude witnesses' testimony for violating "the rule" in absence of any evidence that the party calling the witness was privy to the violation).

■ Here, Defendant never objected to nor asked for the exclusion of Detective Brainard's testimony; consequently, he waived the usual sanction for the alleged violation of the rule. Moreover, nothing in the record suggests that the State did anything to cause Brainard's violation of the rule or that the State consented or connived to procure Brainard's unauthorized presence in the courtroom. To the contrary, not only is the record devoid of any proof of bad faith by the prosecutor, the "totality of the circumstances" suggests that the prosecutor knew nothing about the detective's presence until the court pointed it out during the prosecutor's direct examination of another witness. Based on *Gibson,* it would have been an abuse of trial court discretion for it to exclude Brainard's testimony.

■ In any event, declaring a mistrial in a criminal case is a remedy reserved for the most extraordinary circumstances. *State v. Clemons,* 946 S.W.2d 206, 217[14] (Mo.banc 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 416, 139 L.Ed.2d 318 (1997). A mistrial should be declared only where there is grievous error that cannot otherwise be remedied. *State v. Hill,* 808 S.W.2d 882, 887[2] (Mo. App.1991); *See State v. Johnson,* 901 S.W.2d 60, 62 (Mo.banc 1995).

■ A trial court is accorded broad discretion in ruling on a request for mistrial. *Hill,* 808 S.W.2d at 887[1]. This rule recognizes that the trial court is in the best position to observe the impact of the problematic incident. *Clemons,* 946 S.W.2d at 217[15]. A discretionary ruling is presumed to be correct and the burden of demonstrating abuse is therefore cast upon the party challenging such ruling. *State v. Leonard,* 606 S.W.2d 403, 406[1] (Mo.App.1980). We conclude that there is no clear showing in the record in this case of an abuse of discretion by the trial court in denying Defendant's mistrial motion. *See State v. Ramsey,* 820 S.W.2d 663, 666 (Mo.App.1991).

We affirm the judgment of conviction and sentence.

GARRISON, C.J., and MONTGOMERY, J., concur.