

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD34113 |
| | ) | |
| RYAN K. GUSKE, | ) | **Filed: November 22, 2016** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Circuit Judge

**<u>AFFIRMED</u>**

Ryan K. Guske ("Defendant") was charged and convicted of the class D felony of driving while revoked. In his sole point on appeal, Defendant claims the trial court erred in refusing to declare a mistrial based on the prosecutor's statement that the driving record of Defendant had been "redacted." Defendant claims that the statement of the prosecutor planted the idea in jurors' minds that Defendant had committed previous crimes, thus, unfairly and irretrievably prejudicing the jury. We find no error and affirm the judgment.

Prior to trial, the trial court agreed that numerous past convictions contained in the driving record (Exhibit 1) should be redacted so the jury would not see the convictions;

however, the jury was allowed to see various revocations appearing on two pages of the driving record. (The third and fourth pages were omitted from the five-page document.) The trial court indicated that a "white out" should be used instead of a black marker to redact the offenses. As Exhibit 1 was being admitted into evidence, the prosecutor stated: "With that, the affidavit of the Department of Revenue from the records custodian is self-authenticating and I believe we have sufficiently redacted the necessary information." Defendant requested a mistrial because of that statement about the redaction. The State argued that it was obvious the driving record had been redacted because it skipped from page 2 to page 5. The court offered to instruct the jury to disregard the statement but Defendant declined any further mention of the redaction. That the document was redacted was not further mentioned.

We start with the well-known proposition that a mistrial is a drastic remedy to be exercised only in extraordinary circumstances in which the prejudice to a defendant cannot be otherwise removed. *State v. Wright*, 383 S.W.3d 1, 9 (Mo.App. W.D. 2012). We review the trial court's refusal to grant a mistrial for an abuse of discretion. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995). We cannot see any prejudice to Defendant. It is mere supposition that the jury would ascribe any other crimes to the redacted information. Clearly, Defendant had done something that caused his license to be revoked. That is a logical and relevant conclusion for the jury to draw. The explanation that the State gave to the court in offering an exhibit was vague, did not mention any crimes and only one word—redacted-- is complained about by Defendant. We do not find any prejudice to Defendant and no abuse of discretion by the court in refusing to grant a mistrial. The point is denied. The judgment is affirmed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, P.J. - Concurs

William W. Francis, Jr., J. - Concurs