

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD86881 |
| | ) | |
| DANIEL R. OVERSTREET, | ) | Filed: APRIL 29, 2025 |
| | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
## THE HONORABLE KEVIN CRANE, JUDGE

## BEFORE DIVISION ONE: KAREN KING MITCHELL, PRESIDING JUDGE, LISA WHITE HARDWICK, JUDGE, AND MARK D. PFEIFFER, JUDGE

Daniel Overstreet appeals his convictions for seven counts of first-degree statutory sodomy and one count of attempted first-degree sodomy. He contends the circuit court plainly erred in not reading the reminder recess instruction in its entirety to the jury before three recesses during trial. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

The State charged Overstreet with eight counts of first-degree statutory sodomy and one count of attempted first-degree sodomy. A jury trial was held. At trial, Overstreet's daughter, stepdaughter, and their friend testified to incidents or attempted incidents of hand to genital contract, mouth to genital contact, and anal intercourse

Overstreet committed. The jury found Overstreet guilty on eight counts and not guilty on one count. The court sentenced him to 20 years in prison on each count, to run consecutively, for a total of 160 years. Overstreet appeals.

## ANALYSIS

In his sole point on appeal, Overstreet contends the circuit court erred in giving shortened forms of the recess instruction on three occasions during the trial. He claims this error violated his rights to due process and a fair and impartial jury.

Before the jury was sworn, the court read MAI-CR 4th 400.04.1. This instruction informed the jurors that, among other things, until the case was given to them to decide, they must not discuss any subject connected with the trial among themselves, form or express any opinion about the trial, talk to others about the case, or permit others to discuss it with them or in their hearing. The court told the jurors that their decision must be based only on the evidence presented in the courtroom, and they were not to research the case on the internet or read, view, or listen to any media report of the trial. The court told the jurors it would remind them of this at each court recess. During the trial, the court read the full reminder recess instruction, MAI-CR 4th 400.04.2, before seven recesses:

> The court again reminds you of what you were told at the first recess of the court. Until you retire to consider your verdict, you must not discuss this case among yourselves or with others, or permit anyone to discuss it in your hearing. You should not form or express any opinion about the case until it is finally given to you to decide. Do not do any research or investigation on your own about any matter regarding this case or anyone involved with the trial. Do not communicate with others about the case by any means. Do not read, view, or listen to any newspaper, radio, electronic communication from the Internet or television report of the trial.

2

Before three other recesses, however, the court did not read the full instruction. Instead, the court told the jury before one afternoon recess: "Remember what I keep telling you. Don't talk about the case or form or express anything about it until it's finally given to you to decide." Before a lunch recess, the court told the jury: "Remember what I keep telling you about not talking about the case or looking at the Internet or anything about it until it's finally given to you to decide." Lastly, before a morning recess, the court told the jury: "And again I remind you not to talk about the case until it's finally given to you to decide. Okay?"

Overstreet acknowledges the reminder recess instruction need not be read verbatim to the jury, as Notes on Use 3 to MAI-CR 4th 400.04 states, "MAI-CR 4th 400.04.2 may be given in any other form so long as it complies with Section 494.495, RSMo." Section 494.495[1] details the specific information the court is to tell jurors before each recess:

> [A]t each adjournment the court shall admonish them that it is their duty not to converse among themselves, nor to suffer others to converse with them or in their hearing on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them, or until they return to the jury room to continue their deliberations.

Overstreet argues the court's three shortened forms of the reminder recess instruction did not comply with Section 494.495 because they failed to advise jurors not to form an opinion about the case. Overstreet did not assert this objection at trial.

When the circuit court does not comply with MAI-CR 4th 400.04, an objection should be made before the jury recesses to allow the court to take corrective action. *See*

---

[1] All statutory references are to the Revised Statutes of Missouri 2016.

*State v. Cable*, 4 S.W.3d 571, 574 (Mo. App. 1999); *State v. Dueker*, 990 S.W.2d 670, 682 (Mo. App. 1999); *and State v. Barajas*, 930 S.W.2d 74-75 (Mo. App. 1996). A defendant's failure to remind the court to give the appropriate recess instruction in a timely manner waives the right to appellate review. *See Cable*, 4 S.W.3d at 574; *Dueker*, 990 S.W.2d at 682; *Barajas*, 930 S.W.2d at 75.

Overstreet asks us to exercise our discretion to review his claim for plain error. Rule 30.20 gives us discretion to review "plain errors affecting substantial rights" when we find that "manifest injustice or a miscarriage of justice has resulted therefrom." We "will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or [a] miscarriage of justice has resulted." *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (internal quotation marks and citations omitted). "The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *Id.* (citation omitted).

"For instructional error to constitute plain error, the defendant must demonstrate the trial court so misdirected or failed to instruct the jury that the error affected the jury's verdict." *State v. Billings*, 694 S.W.3d 556, 577 (Mo. App. 2024) (quoting *State v. Celis-Garcia*, 344 S.W.3d 150, 154 (Mo. banc 2011)). Additionally, the defendant's claim of prejudice cannot be based on speculation. *State v. Taylor*, 134 S.W.3d 21, 25 (Mo. banc 2004). In arguing prejudice, Overstreet states only that the "inadequately instructed jury very well could have formed opinions about the case before deliberations, resulting in a manifest injustice to [him]." This is a purely speculative claim of prejudice without proof

4

in the record to support it.  Given that the jury heard the full recess instruction before it was sworn and the full reminder recess instruction before seven recesses during the three-day trial, Overstreet has not demonstrated that the court's variance from the reminder recess instruction on three occasions so misdirected or failed to instruct the jury that it is apparent the instructional error affected the jury's verdict.  He has failed to facially establish substantial grounds for believing that he suffered manifest injustice or a miscarriage of justice.  Point denied.

## CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

5